NO. 07-99-0176-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 20, 2002

_____


TRAVIS RAY WOODS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT 4 OF DALLAS COUNTY;

NO. 9853153-IK; HONORABLE JOHN C. CREUZOT, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.[1]

Presenting a single issue for our determination, appellant Travis Ray Woods challenges his conviction of possession of cocaine and the resulting punishment of two years confinement in the county jail and a $500 fine. In his issue, he contends the trial

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

court reversibly erred by refusing to suppress evidence acquired by Dallas police officers because at the time the events giving rise to that evidence occurred, they did not have specific, articulable facts sufficient to give rise to a reasonable suspicion that a crime had been, or was about to be, committed. Disagreeing, we affirm the judgment of the trial court.

The relevant evidence was that about 4:40 p.m. on September 26, 1998, Dallas Police Officer Samuel Scott McDonnold and his partner were on patrol southbound on DuBois Avenue in Dallas, a "known drug location." As they approached appellant's car, they saw that it was parked on the side of the street facing oncoming traffic in front of a house at 331 DuBois. The officer thought that parking the car facing oncoming traffic was a traffic violation. As the officers continued driving toward the car, they saw Felicia Walton, a woman known to deliver narcotics out of the house at 331 DuBois, leaning into appellant's car. As they approached, they saw appellant take something with his right hand out of Walton's left hand. Officer McDonnold testified that he believed this was a drug transaction.

The officers angled their patrol car across the front of appellant's car, and McDonnold and his partner got out. His partner stopped Walton while McDonnold went around to the driver's side of appellant's car. As he did so, he saw a crack cocaine pipe laying on the front seat. As the officer was talking to appellant, he saw a small baggy under appellant's right leg. He then asked appellant to exit the vehicle. The officer

averred that the pipe and the baggy were in plain view. After appellant got out of the car, the officer retrieved the crack pipe and the baggy, and arrested appellant for the offense of which he was later convicted.

Appellant argues a seizure occurred when the officers blocked the front of his car with their patrol car so he could not leave. He reasons that this was illegal because at the time, the officers did not have sufficient articulable reasons to believe a criminal activity was taking place.[2] He contends that the "seizure" was illegal because the activity which the officer observed was as consistent with innocent activity as it was with criminal activity and cites several cases that speak to that proposition. However, in *Woods v. State*, 956 S.W.2d 33 (Tex.Crim.App. 1997), the court held that construct was no longer a viable test for determining reasonable suspicion. *Id.* at 38. Rather, it held:

> We hold that the reasonableness of a temporary detention must be examined in terms of the totality of the circumstances and will be justified when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity.

*Id.* Thus, the rule is now established as set out above in *Woods*.

---

[2]Although appellant cites case law that refers to both the fourth amendment of the federal constitution and article I, section 9 of the state constitution, he does not argue that, in the context of this case, the state constitution provides more protection to him than the federal constitution. We will not, therefore, address any state claims separately. *Brown v. State,* 943 S.W.2d 35, 36 n.3 (Tex.Crim.App. 1997); *Johnson v. State,* 853 S.W.2d 527, 533 (Tex.Crim.App. 1992), *cert. denied,* 510 U.S. 852, 114 S.Ct. 154, 126 L.Ed.2d 115 (1993).

The State initially responds to appellant's arguments by contending that his detention was justified because the officer observed him committing a traffic violation. It also argues that appellant's detention was justified by sufficient articulable facts to meet the *Woods* test.

## Standard of Review

The standard of review of issues like that before us is well settled. Instead of reiterating it, we cite the parties to *Garcia v. State,* 43 S.W.2d 527, 530 (Tex.Crim.App. 2001)*;State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000); and *Guzman v. State*, 955 S.W.2d 85,89 (Tex.Crim.App. 1997) for explanations of the standard which we will follow.

## Traffic Violation

The State's contention that the officer observed appellant committing a traffic offense is based upon section 545.303(b) of the Transportation Code. That statute makes it an offense to stop or park a vehicle on a one-way roadway in the direction of oncoming traffic. Tex. Transp. Code Ann. § 545.303(b) (Vernon Supp. 2003). However, there is no evidence that the street upon which appellant's car was parked was a one-way street. Indeed, McDonnold, specifically and repeatedly, testified that appellant's vehicle was parked on the "wrong side" of the road. Because section 545.303(b) does not make it an offense merely to park on one side of the street or the other without a showing that the

street was a one-way street, McDonnold's testimony was not sufficient to show that a violation of the statute had occurred. Accordingly, we do not agree that the State established that a traffic violation had occurred at the time McDonnold saw and approached appellant's car.

## Reasonable Suspicion

In considering whether McDonnold was in possession of articulable facts sufficient to justify a reasonable suspicion that appellant was, had been, or was about to engage in criminal activity, we consider the information and circumstances known to McDonnold and his background and experience as an officer. *United States v. Cortez,* 449 U.S. 411, 417-18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981); *Woods,* 956 S.W.2d at 38.

In this case, the factors that would support a reasonable suspicion of criminal activity include: 1) appellant was parked at a known drug location; 2) the officer knew that drugs had been sold at that location; 3) the officer had made prior arrests at the location; 4) the officer knew that the woman at appellant's car was a drug courier; 5) the officer saw the woman lean into appellant's car and it appeared that an exchange of some sort had taken place; and 6) when she saw the police car approaching, the woman attempted to leave the scene. Additionally, once the officers approached the car, the crack pipe and the baggy were in plain sight.

The record before us is sufficient to show that the officers had sufficient articulable facts to justify a reasonable expectation that appellant was, had been, or was about to engage in a drug transaction. As they approached the car, the drug contraband was in plain view. The "plain view" doctrine requires that: 1) the police officers have a right to be where they are, and 2) it must be immediately apparent that the items seized constitute evidence, *i.e.*, there is probable cause to associate the items with criminal activity. *Ramos v. State*, 934 S.W.2d 358, 365 (Tex.Crim.App.1996), *cert. denied,* 520 U.S. 1198, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997); *see also Williams v. State*, 726 S.W.2d 99, 100-01 (Tex.Crim.App. 1986). Under the facts in this case, the officers had a right to be where they were when they saw the contraband items, and when they did, they were entitled to seize them and arrest appellant.

Appellant's issue is overruled, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.